BRELAND *v.* STATE.

(Division B.   Oct. 10, 1932.)

[143 So. 690.   No. 30191.]

**A. T. L. Watkins,** of New Augusta, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant was prosecuted in a justice of the peace court for petit larceny, convicted there, and appealed to the circuit court, where he was again convicted, from which conviction he appeals here.

We have carefully examined the evidence in this case, and have reached the conclusion that it is not sufficient to sustain a conviction, and that the request for a peremptory instruction should have been granted.

The only testimony to show that the hog involved belonged to the prosecuting witness was that it was marked with his mark. The appellant lived some four miles from the prosecuting witness on an air line, and further according to the road.

The hog in question was shown to have been six, seven, or eight years old. The prosecuting witness could not identify the hog as his, and could not say that it had not been in the possession of the defendant for as long as five years. He frankly testified that the only knowledge he had about the hog was that it was marked with his mark.

It appeared that the defendant had the same mark as his, except an underbit in one ear, the mark of said prosecuting witness being a crop and underbit in one ear, and a small swallow-fork in the other, while the defendant's mark was a crop in one ear, and a swallow-fork in the other, and there was testimony for the defendant showing that the alleged underbit appeared to have been made by a dog bite.

There was undisputed evidence that the hog had been in the possession of the defendant for five or six years, and the defendant and the members of his family testified that he had raised the hog and that it had been in the defendant's possession its entire life.

For the errors indicated, the judgment must be reversed and the appellant discharged.

Reversed, and appellant discharged.